**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CHRISTOPHER D. BAILEY, Individually, :
on behalf of all others similarly situated, :
and for the benefit of the Plan, :

          Plaintiffs, :

    vs. :    Civil Action No. 2:11-CV-0554

USEC INC., :    JUDGE

    and :    MAGISTRATE JUDGE

USEC GOVERNMENT SERVICES, INC. :

    and :

USEC TERMINATION OF BENEFITS :
 (SEVERANCE) PLAN :

        Defendants. :

## COMPLAINT

Plaintiff, Chris Bailey ("Plaintiff"), on behalf of himself and other similarly-situated Plan

participants and/or beneficiaries and for the benefit of the Plan, hereby allege:

## JURISDICTION AND VENUE

1.    This action arises under the Employment Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq*., and is brought by Plaintiff under ERISA §§ 502 *et seq*., 29

U.S.C. §§ 1132 *et seq*., on behalf of himself and all participants and beneficiaries of the USEC,

Inc. Employee Termination of Employment Plan ("the Plan," attached hereto as Exhibit A), an

ERISA welfare plan, and also for the benefit of the Plan, alleging claims for benefits under

ERISA § 502(a)(1), breaches of fiduciary duty under ERISA § 502(a)(2) pursuant to ERISA §

404(a), and interference with protected rights under ERISA § 510 (§ 502(a)(3)), to enjoin acts

and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate

equitable and injunctive relief to redress violations and enforce the provision of that Title.

2.      This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29

U.S.C. § 1132(e)(1).

3.      Venue of this action lies in the Southern District of Ohio pursuant to ERISA §

502(e)(2), 29 U.S.C. § 1332(e)(2). The Plan is administered in this District.

4.      Defendants are employers, plan sponsors, directors, named fiduciaries, fiduciaries

and/or administrators with respect to the Plan.

5.      Plaintiff brings this action for himself, the benefit of the Plan, and for all persons

similarly situated,  pursuant to Fed. R. Civ. P. 23(b)(1) and/or (b)(2).

6.      The class is defined as all Plan participants, including but not limited to, salary

and hourly employees of Defendants, who are eligible for, and/or owed benefits under the Plan.

Upon information and belief, the class contains in excess of 1,500 putative class members.

7.      Plaintiff is an employee of Defendants, who is an eligible participant in the Plan

and who is owed benefits, or will be owed benefits, from the Plan.  Plaintiff seeks payment of

severance in accord with the Plan and other equitable, injunctive and declaratory relief regarding

the governance of the Plan, all of which will inure to the class as a whole.  Furthermore, the

Plan's terms are applicable to all of the putative class members.  Thus, Plaintiff's interests are

typical of, and not antagonistic to, the interests of the other putative members.  Furthermore,

Plaintiff is represented by counsel who are experienced in both ERISA and class actions.

Accordingly, Plaintiff may adequately represent the class.

8.     Because Defendants' liability derives primarily from the Plan, which is applicable to all class members, questions of law and fact underlying the claims contained herein are common to the class.

9.     Class certification pursuant to Fed.R.Civ.P 23(b)(1) is appropriate (1) to avoid inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and, (2) because adjudications with respect to individual class members may be dispositive of the interests of the other putative class members whether they are parties to this action or not.

10.    Additionally and/or alternatively, class certification pursuant to Fed.R.Civ.P. 23(b)(2) is appropriate because the Defendants have acted or refused to act on grounds that apply generally to the class and final injunctive and corresponding declaratory relief is appropriate with respect to the class as a whole.

11.    In addition and/or alternatively, this action arises under state contract law and is brought by Plaintiff on behalf of himself and all other similarly situated parties to the USEC, Inc. Employee Termination of Employment Plan, alleging claims for breach of contract, promissory estoppel and bad faith.

12.    This Court has supplemental jurisdiction over the state law causes of action.

## PARTIES

13.    Plaintiff is an employee of USEC Inc. and/or USEC Government Services (collectively and interchangeably referred to herein as "USEC") and is a covered employee under the Plan.  Although eligible, or soon-to-be eligible, for Plan benefits, Defendants have declared that they will not pay Plaintiff the benefits to which he is, or may become, entitled under the Plan's terms.

14.     At all times relevant to this action, Defendant USEC was a foreign incorporated entity registered to do business in Ohio.

15.     Upon information and belief, USEC Government Services ("USEC Government Services") is a wholly owned subsidiary or affiliate of USEC.

16.     At all times relevant to this action, Defendant Termination of Employment Plan ("the Plan") was a self-funded employee welfare benefit and/or multi-employer plan operating within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

17.     Although the Plan does not identify a fiduciary or administrator, upon information and belief, USEC was a functional fiduciary to the Plan and was Plan Administrator.  Thus, USEC was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21) at all times relevant to this action.

18.     The Plan is joined in this lawsuit for the purpose of ensuring complete relief among the parties under Fed.R.Civ.P. 19.

## FACTUAL ALLEGATIONS

19.     Upon information and belief, USEC, Inc. was founded in July 28, 1998 as a private global energy company, supplying enriched uranium fuel for commercial nuclear power plants.

20.     The USEC Inc. Employee Termination of Employment Plan (revised effective November 5, 2010) ("the Plan"), a self-insured ERISA welfare plan and/or multi-employer plan offers severance pay benefits to hourly and salaried employees of USEC.  See Ex. A, p. 3, section 2 – Applicability.

21.     The Plan states, among other things:

-   6.3.1: Employees who are laid off because of an involuntary reduction in force shall receive a severance pay calculated at their base rate and according to the company's service credit as noted in Section 6.3.3 (Attach table).

22.     On or about August 2010, the Department of Energy awarded a contract for the decontamination and decommissioning of the USEC facility in Portsmouth, Ohio to Fluor-B&W Portsmouth, LLC ("Fluor").

23.     Upon information and belief, USEC initiated an Involuntary Reduction in Force of its employees.  USEC began releasing its employees in stages.

24.     Fluor-B&W Portsmouth, LLC began reemploying many of USEC's former employees and plan to reemploy soon-to-be released USEC employees.  The former and current USEC employees, however, are, and will be, employed under materially different terms and conditions than those which they enjoyed at USEC.

25.     USEC filed its Form 10-K with the Securities and Exchange Commission ("SEC") on or about February 2011 stating an estimated liability of approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) for payment of employee severance benefits under the Plan.  (Pertinent Section Attached hereto as Exhibit B).

26.     USEC, however, has since refused to pay severance benefits to the class members as required by the Plan.

27.     Inexplicably, Plaintiff and other class members have been instructed by "once the date of exit has been provided to you, a notice of resignation should be provided to your immediate manager with a copy to Human Resources."  Thus, USEC is attempting to recharacterize the class members' separation as resulting from a voluntary resignation instead of the involuntary reduction in force that is actually is.

28.     Indeed, Plaintiff has been approached by Defendants on an individual basis and requested to sign a resignation letter.

29.     Upon information and belief, Defendants have approached other class members and also pressured them to sign resignation letters.

30.     Upon information and belief, Defendants misrepresented to other class members that they were required to sign resignation letters to receive final payment of their vacation and other pay upon separation from USEC and transition to Fluor.

31.     Defendants instructed Plaintiff and upon information and belief, other class members, to sign resignation letters to circumvent paying severance pay as required under the Plan.

32.     Defendants have failed to make severance payments to entitled class members even though the class members were terminated because of an Involuntary Reduction in Force.

33.     Further, Defendants have declared that they will not make severance payments to other class members, who will transition to Fluor in the very near future.

34.     The Plan does not contain administrative procedures to appeal the decision not to pay benefits.

35.     Plaintiff has requested to be paid severance benefits under the Plan upon his expected separation and transition and has been denied.

36.     Upon information and belief, other class members have requested severance benefits upon separation, and in anticipation of separation, and have been denied.

37.     Thus, Plaintiff and other class members have exhausted any existing administrative remedies.

38.     The Plan does not specifically vest the Plan Administrator, USEC, nor any other entity discretion or authority to determine eligibility for benefits or interpret the Plan's terms; therefore, this Court should apply a *de novo* standard of review in this matter.

## ERISA VIOLATIONS

### Count One - Claim for benefits – ERISA § 502

39.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully restated herein.

40.     Plaintiff brings Count One under ERISA § 502, which authorizes a civil action by a participant or beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

41.     To the extent the relief requested is equitable rather than legal, Plaintiff seeks such relief under ERISA § 502(a)(3).

42.     Plaintiff is a covered employee under the Plan.  Plaintiff is a Plan participant and/or beneficiary within the meaning of ERISA§3(7) and (8), 29 U.S.C. §1002(7) and (8) at all relevant times to this action.

43.     Plaintiff and the other class members were involuntarily terminated from USEC (or will soon be terminated during the Transition Process) as a result of an Involuntary Reduction In Force ("IRIF").

44.     Although eligible for Plan benefits, the Plan has failed to pay (or declared that it will refuse to pay) Plaintiff and the other class members severance benefits due (or which will become due) under the Plan's terms.

7

45.     Although Plaintiff and many other class members will be reemployed by Flour, their reemployment will be under materially different terms and conditions than that which they enjoyed at USEC.

46.     Plaintiff and the other class members are entitled to severance pay benefits according to the Plan upon separation from USEC.

47.     Defendants have refused to pay severance in accord with the Plan and have declared that they will continue to refuse to pay severance in accord with the Plan.

48.     Defendants' refusal to pay severance benefits is a violation of ERISA § 502.

**<u>Count Two - Breach of Fiduciary Duty – ERISA § 502 and § 409</u>**

49.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully restated herein.

50.     At all times relevant times to this action, USEC was a fiduciary to the Plan and acted as Plan Administrator. At all times relevant to this action, USEC exercised authority and/or control respecting management of the Plan, and/or exercised authority or control respecting management or disposition of the Plan's assets.  Thus, USEC was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21) at all times relevant to this action.

51.     At all relevant times to this action**,** Plaintiff and the other class members were covered employees under the Plan.  Thus, Plaintiff is a Plan participant and/or beneficiary within the meaning of ERISA§3(7) and (8), 29 U.S.C. §1002(7) and (8) at all relevant times to this action.

52.     Although eligible for Plan benefits, Defendants have failed to pay (or declared that they will not pay) Plaintiff and other class members the benefits due, or which will become due, under the Plan's terms.

53.    Defendants have repeatedly attempted to force Plaintiff and the other class members into signing letters of resignation in order to circumvent payment of severance under the Plan.

54.    In fact, upon information and belief, Defendants have even threatened to withhold certain benefits, including vacation pay, until class members return signed letters of resignation.

55.    Furthermore, Defendants have breached their fiduciary duties by refusing to explain to Plaintiff and other class members, as required by ERISA, why severance benefits are not being paid.

56.    Upon information and belief, Defendants failed to perform any investigation or evaluation adequate to determine whether their actions were supported by a reasonable basis or otherwise lawful, or have intentionally disregarded the findings of such an investigation or evaluation.

57.    Thus, Defendants know that they are refusing to pay severance benefits without a reasonable or legal basis for such refusal.

58.    Through the conduct and omission described herein, Defendants breached their duties under ERISA with respect to the Plan in accordance with the Plan terms to (1) act with the care, skill, prudence, and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, (2) discharge their duties with respect to the Plan solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying the reasonable expenses of the Plan, and (3) to act in accordance with the documents and instruments governing the Plan, the violation of ERISA §§ 404(a)(1)(A), (B), (D), 29 U.S.C. §§ 1104(a)(1)(A), (B), (D).

## Count Three - Interference with Protected Rights – ERISA § 502, § 510, 29 U.S.C. § 1140.

59.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully restated herein.

60.     Defendants have held meetings with class members to discuss their separation from USEC and their transition to Fluor on numerous occasions.

61.     During these meetings, class members were instructed "once the date of exit has been provided to you, a notice of resignation should be provided to your immediate manager with a copy to Human Resources."

62.     Additionally, upon information and belief, Defendants instructed their Human Resources employees to misrepresent to class members the status of their benefits by holding meetings to convince class members to draft and sign resignation letters in order to circumvent payment of severance under the Plan.

63.     Upon information and belief, Defendants have even threatened to withhold certain benefits, including vacation pay, until class members return signed letters of resignation.

64.     To interfere with their attainment of severance benefits, Defendants have discriminated against class members, who were and will be separating as a result of the Involuntary Reduction in Force, by withholding vacation and other payments unless and until they submit letters of resignation,

65.     Thus, Defendants have purposefully acted to interfere with the class members' entitled benefits and/or rights.

## STATE LAW CLAIMS

### Count Four - Breach of Contract and/or Promissory Estoppel

66.     Plaintiff realleges each of the allegations contained in the preceding paragraphs of its Complaint as if fully restated herein.

67.     Additionally or alternatively, if the Court finds that the Plan is not governed by ERISA, then the Plan is a binding contract entered into and agreed upon by Plaintiff and other class members and Defendants.

68.     Defendants otherwise promised to pay Plaintiff and the other class members severance benefits if they lost their jobs due to an Involuntary Reduction in Force.

69.     Plaintiff and the other class members relied on Defendants' promises to their detriment by foregoing measures that would have ameliorated the financial impact of the Involuntary Reduction in Force.

70.     As a result of Defendants' Involuntary Reduction in Force, Plaintiff and the other class members are entitled to severance pay under the Plan.

71.     Defendants' refusal to pay severance is a breach of the agreed terms between Plaintiff and other class members and Defendants, and is otherwise an unfair failure to honor Defendants' promises.

72.     Defendants are responsible for all damages arising from their breach of the contract and/or their failure to honor their promises.

73.     As a direct and proximate result of Defendants' breach and/or failure to honor their promises, Plaintiff and the other class members have been injured or will be injured.

## **Count Five - Bad Faith Breach of Contract**

74.     Plaintiff realleges each of the allegations contained in the preceding paragraphs of its Complaint as if fully restated herein.

75.     Additionally or alternatively, if the Court finds that the Plan is not governed by ERISA, then the Plan is a binding contract entered into and agreed upon by Plaintiff and other class members and Defendants.

76.     Under the contract, Defendants must pay severance benefits to Plaintiff and the class members upon their separation from USEC pursuant to an Involuntary Reduction in Force.

77.     Defendants owed Plaintiff and the other class members a duty of good faith and fair dealing with respect to the terms of the contract.

78.     Defendants intentionally breached the contract by failing to honor the terms.

79.     Furthermore, Defendants have attempted to coerce class members into signing letters of resignation to circumvent the terms of the contract.

80.     Plaintiff and other class members have requested payment of severance pursuant to the contract but Defendants have refused to honor the terms.

81.     Defendants breached the contract without a reasonable or legal basis for such action.

82.     Defendants knew they were breaching the contract without a reasonable or legal basis.

83.     Upon information and belief, Defendants failed to perform any investigation or evaluation adequate to determine whether their actions were supported by a reasonable basis or were otherwise lawful, and/or have intentionally disregarded the findings of such an investigation or evaluation.

84.     As such, Defendants have breached the contract in bad faith.

85.     As a direct and proximate result of Defendants' bad faith breach of the contract, Plaintiff and other class members have been injured.

WHEREFORE, Plaintiff requests that the Court enter an Order:

A.     Certifying a class consisting of all Plan participants and/or beneficiaries;

B.     Permanently enjoining Defendants from violating ERISA and from retaliating against Plaintiff and the other class members for their participation in this lawsuit;

C.     As to Count 1: create a Common Fund for Defendants to deposit the severance pay owed to Plaintiff and other class members under the Plan; equitable relief; attorneys' fees and costs; and, all other remedies available under section 502;

D.     As to Count 2: (1) removing Defendants from any position they may currently hold with respect to the Plan as a fiduciary; (2) injunctive relief ordering Defendants to cease coercive measures; (3) appointing an independent fiduciary at Defendants' expense with authority and control over the management and administration of the Plan including the authority to marshal assets on behalf of the Plan, pursue claims on the Plan's behalf, and take all appropriate actions for the distribution of severance pay to the Plan participants and beneficiaries as may be necessary and proper;

E.     As to Count 3: (1) all equitable relief available under ERISA § 510, 29 U.S.C. 1140 and § 502, 29 U.S.C. 1132 (the specific equitable relief requested includes, but is not limited to, that amount of money, to be determined at trial, required to place Plaintiff and other class members in the same position they would have been in but for Defendants unlawful actions (including, but not limited to, the value of lost benefits and interest); (2) attorneys' fees and costs

pursuant to 29 U.S.C. § 1132(g) and any other applicable authority; and, (3) such other and further relief as the Court finds to be just.

      F.      Counts 4 and 5: (1) compensatory damages in an amount to be determined at trial; (2) punitive damages in an amount to be determined at trial; (3) costs, including reasonable attorneys' fees, incurred in maintaining this action; (4) incidental and consequential damages; (5) specific performance; and, (6) such other legal and equitable relief as the Court finds to be just.

      Respectfully submitted,

/s/Greg R. Mansell
Danny L. Caudill (0078859)
(*Danny.Caudill@BeggsCaudill.com*)
*Trial Counsel for Plaintiff*
Robert J. Beggs (0002966)
(*John.Beggs@BeggsCaudill.com*)
Greg R. Mansell (0085197)
(*Greg.Mansell@BeggsCaudill.com*)
BEGGS CAUDILL, LLC
1675 Old Henderson Road
Columbus, Ohio 43220-3644
(614) 360-2044
Fax (614) 448-4544