Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. BAILEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENRICHMENT CORPORATION and SEVERANCE PLAN FOR SALARIED EMPLOYEES OF UNITED STATES ENRICHMENT CORPORATION, <br><br> Defendants. | Civil Action No. 2:11-CV-0554 |

### AGREED PROTECTIVE ORDER

WHEREAS, Plaintiffs Christopher Bailey, Thomas A. Kramer, and Bret Collier ("Plaintiffs") have sought discovery from Defendants United States Enrichment Corporation and Severance Plan for Salaried Employees of United States Enrichment Corporation ("Defendants"), requesting that they produce documents related to Defendant United States Enrichment Corporation's (the "Company") employment records, internal communications, documents, and communications with United States Government entities, some of which contain information that is either export controlled and/or official use only as determined by the U.S. Department of Energy, and/or confidential and/or proprietary information as determined by Defendants.

WHEREAS, the Parties hereto have agreed to enter into this Protective Order for the purposes of facilitating the production of such materials without waiver of such protections and privileges:

IT IS THEREFORE ORDERED:

DB1/ 69356461.6                                           1

1. Plaintiffs, by and through counsel, agree that the following procedures shall be and are adopted with respect to the designated documents produced by Defendants which convey export controlled information, official use only documents as determined by the Department of Energy, and other information that Defendants hold as confidential or proprietary information ("Discovery Material").

### Use of Documents and Information

2. All Discovery Material disclosed by the undersigned parties during the course of this litigation shall not be used by the recipients of such material for any purpose other than the prosecution or defense (including settlement, trial, or appeal) of only this litigation.

### Confidential Information and Its Designation

3. For the purposes of this Protective Order, "Confidential Information" means any Discovery Material (including but not limited to documents, tangible things, transcripts of oral testimony, or recorded statements of counsel, and the contents of such documents, things, transcripts, or statements) designated in good faith as confidential by any party or non-party that originally produced such Discovery Material ("Producing Party") in order to protect such things as trade secrets, confidential research and development, credit, compliance, personnel and administrative information, and the like. By way of example and not limitation, Confidential Information may include or be included in documents, transcripts, answers to interrogatories and other responses to discovery requests, briefs, affidavits, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matters that any Producing Party considers to constitute Confidential Information.

4. Whenever Discovery Material produced by any Producing Party involves a disclosure of Confidential Information that the Producing Party wishes to be subject to this Protective Order, the Producing Party shall mark the same, or any portion thereof, at or prior to

the time at which it is produced to the receiving party with the designation "Confidential" or other similar notation.[1] Any copy, memorandum, summaries or abstracts (excluding memoranda, summaries, or abstracts used solely internally by counsel of records to one of the parties) containing Confidential Information shall likewise bear on its face the "Confidential" or other similar notation.

5.   Any party may, at any time after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain Discovery Material marked "Confidential" are not entitled to such status or the protections of this Protective Order. The Discovery Material shall be maintained in confidence pending the Court's ruling on the motion. However, no party shall be obligated to challenge the propriety of the designation of any Discovery Material as Confidential Information, and a failure to so challenge shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such Discovery Material to persons not referred to in paragraph 10 hereof.

6.   Subject to paragraph 3 hereof, nothing in this Protective Order shall prevent the designation or re-designation in good faith of Discovery Material that already has been produced, in which case such Discovery Material shall thereafter be treated as re-designated.

### Export Controlled Information and Official Use Only and Its Designation

7.   Each party shall at all times adhere to all applicable laws and regulations, including those relating to the protection of data, including, without limitation, the export control regulations of the U.S. Department of Energy, the U.S. Department of Commerce, the U.S. Department of State, and the U.S. Department of Treasury and regulations governing classified

---

[1] The Parties understand that certain documents may be made available bearing similar stamps previously affixed for other purposes identifying documents as confidential. The confidentiality of said documents shall be observed as though said documents bore the "Confidential" stamp set forth herein.

DB1/ 69356461.6                              3

or controlled information, equipment, or areas. Non-public information provided by the Company may contain export controlled information.

8. For purposes of this Protective Order, "Export Controlled Information," "ECI," "Official Use Only," "or "OUO" means all information and contract documents (purchase orders, drawings, specifications, etc.) furnished by the Company to be used in connection with proposal/offer preparation or performance under a contract, which are identified as containing ECI or may contain ECI. The ECI identification will be determined by an appropriate ECI review authority as specified by the DOE Office Export Control Policy and Corporation (NA-242).

9. Whenever Discovery Material produced by any Producing Party involves a disclosure of an ECI or OUO document that the Producing Party wishes to be subject to this Protective Order, the Producing Party shall mark the same, or any portion thereof, at or prior to the time at which it is produced to the receiving party with the designation "Export Controlled Information," "Information Contained Within May Contain Export Controlled Information," "Official Use Only," or such other markings as required or permitted by DOE guidance or other similar notation, as applicable. Any copy, memorandum, summaries, or abstracts (excluding memoranda, summaries, or abstracts used solely internally by counsel of records to one of the parties) containing ECI or OUO shall likewise bear on its face the "Export Controlled Information," "Information Contained Within May Contain Export Controlled Information," "Official Use Only," or such other markings as required or permitted by DOE guidance or other similar notation, as applicable. Markings inadvertently omitted from ECI or OUO when disclosed to a recipient shall be applied by such recipient promptly when requested by the

disclosing Party, and such ECI or OUO shall thereafter continue to be treated as provided by this Protective Order.

### Restrictions on the Disclosure of Confidential Information, ECI, or OUO

10. All Discovery Material that is designated Confidential Information, ECI, or OUO pursuant to this Protective Order shall be maintained in strict confidence by the receiving party and shall be used solely in the prosecution or defense (including settlement, trial, or appeal) of this action. The receiving party shall not disclose or permit to be disclosed Confidential Information, ECI, or OUO, or information derived therefrom, to any person except:

    a. The Court and its officers (see paragraph 12 below concerning the filing of any documents with the Court that include or disclose Confidential Information, ECI, or OUO);

    b. Any party to this litigation, its officers, directors, or employees;

    c. Counsel in this action for the parties to this action, and the paralegal, clerical, and secretarial staff, and outside duplicating services employed by such counsel;

    d. Court reporters;

    e. Any person, officer, director, or employee of any corporate entity who has authored, or, as is apparent from the face of the document, received the Confidential Information, ECI, or OUO in the ordinary course of business prior to the commencement of this action in substantially the form provided, provided such person has first signed the Confidentiality Agreement in the form of Exhibit A hereto;

  f. Any person a party in good faith believes may be a potential deposition or trial witness, provided such person has first signed the Confidentiality Agreement in the form of Exhibit A hereto;

  g. Any person engaged by counsel to this action or the parties to this action to assist in this litigation, including experts, provided that such other persons have first signed the Confidentiality Agreement in the form of Exhibit A;

  h. Any person as may be required by law or legal process (but see paragraph 12 below);

  i. Any other person the parties mutually agree to in writing, provided such person has first signed the Confidentiality Agreement in the form of Exhibit A hereto.

11. Before any person described in paragraphs 10e 10f, 10g, or 10i hereof is given access to Confidential Information, ECI, or OUO, or information derived therefrom, counsel for the party proposing to make such disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on an agreement in the form of Exhibit A hereto. Moreover, such disclosure shall not violate the DOE guidelines relating to ECI or OUO or U.S. Government export control laws and regulations. Each recipient of ECI or OUO shall not disclose that information to any entity who is not U.S. owned and managed or to employees who are not U.S. Citizens, except in accordance with the DOE Guidelines thereon and with U.S. Government export control laws and regulations. For the purposes of this paragraph, a person or entity is considered to be non-U.S. if it is incorporated, organized, or created under the laws of a foreign country, or is foreign owned, controlled, or

influenced as defined in applicable regulations and guidelines. Prior to disclosing any ECI or OUO to any person, this provision must be included in Exhibit A.

12. Discovery Material that has been designated as Confidential Information, ECI, or OUO and any pleadings, motions, or other papers filed with the Court disclosing any such material, may be filed in a sealed envelope and kept under seal by the Clerk of this Court with leave of the Court and upon a showing of good cause. Where possible, only the Confidential Information, ECI, or OUO in the filings with the Court shall be filed under the seal. To facilitate compliance with this Order by the Clerk's office, the sealed envelope shall bear the "Confidential Designated by Counsel Pursuant to Court Order" on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that is it filed under the terms of the Protective Order. If the Court grants a request for leave to file Confidential Material under seal, the requesting party where practicable will file a version of the document containing Confidential Material (with the Confidential Material redacted) on the public record of this case.

13. Whenever a deposition taken on behalf of any of the undersigned parties involves a disclosure of Confidential Information, ECI, or OUO:

    a. The deposition or any portion or portions of it, and continuances therefrom, shall at the designation of any of the undersigned parties, be taken subject to the provisions of this Protective Order. Such designation shall be made on the record or in writing within five business days after the receipt of the transcript of the deposition; and

    b. The original transcript of such designated deposition or portions and all copies thereof shall bear the legend "Confidential Designated by Counsel

Pursuant to Court Order" and the original shall, if it is filed with the Court and if the Court grants leave to file under seal, at the time of such filing be sealed, identified as being "Confidential Designated by Counsel" and subject to this Protective Order, and shall not be opened except by order of the Court.

14. Subject to the Federal Rules of Evidence, Confidential Information, ECI, or OUO may be offered in evidence at trial or any court hearing in open court, provided that the proponent of the evidence gives advance notice to counsel for the person that designated the information or document as Confidential, ECI, or OUO. Any producing party or person may move the Court for an order that the evidence by received in camera or under conditions to prevent unnecessary disclosure. Nothing in this Protective Order shall operate as an admission by any party that any particular Confidential Information is, or is not, admissible in evidence in these proceedings.

15. If any party or person that has obtained Confidential Information, ECI, or OUO subject to the terms of this Protective Order receives a subpoena or other discovery request commanding the production of any such Confidential Information, ECI, or OUO ("Subpoenaed Information"), such party or person shall, if permitted by law, immediately notify in writing the Producing Party, which notice shall include the date set for the production or disclosure of the Subpoenaed Information, and the party to whom the subpoena or request is directed shall not produce the Subpoenaed Information prior to the date set forth in the notice, or if served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify.

16. Nothing in this Protective Order shall impose any restriction in the use or disclosure by a party of (i) its own documents, (ii) information that is obtained from sources

other than a Producing Party in this action, or (iii) information that is or becomes generally available to the public other than as a result of disclosure in violation of this Protective Order.

### Additional Provisions

17. If Confidential Information, ECI, or OUO is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the undersigned counsel of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the information and to prevent disclosure by each unauthorized person who received such information.

18. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any of the undersigned parties from seeking and obtaining, on an appropriate showing, (i) additional protection with respect to the confidentiality of documents or other discovery material designated hereunder as containing Confidential Information, ECI, or OUO, or (ii) relief from the provisions of this Protective Order with respect to specific items or categories of Confidential Information.

19. Entering into, agreeing to, designating any Discovery Material as Confidential Information, ECI, or OUO hereunder, and/or complying with the terms of this Protective Order shall not: (a) be construed as a concession that such Discovery Material is relevant or material to any issue or is otherwise discoverable; (b) operate as an admission that any particular Discovery Material contains or reflects trade secrets, proprietary or commercial information, or other confidential material; (c) prejudice in any way or waive in any respect the right to assert any privilege as to any Discovery Material, whether or not designated as Confidential Information, ECI, or OUO pursuant to this Protective Order; or (d) be used in any way as evidence in this action.

20. Immediately after this action has been finally determined as defined below, all Discovery Material, together with all copies, summaries, and abstracts thereof, that have been designated as including Confidential Information, ECI, or OUO pursuant hereto shall be returned to the Producing Party or shall be destroyed by the receiving parties and the receiving parties shall in writing represent to the Producing Party that such destruction has taken place. Notwithstanding the foregoing, the undersigned counsel may elect to retain one copy of all pleadings and deposition transcripts and exhibits thereto, other materials filed with the Court and attorney work-product materials, including, but not limited to, correspondence, memoranda, and notes that contain or refer to Confidential Information, ECI, or OUO for purposes of maintaining an integrated in-house record, provided that the confidentiality continues to be preserved and provided that such counsel so informs counsel to the Producing Party in writing. For purposes of this Protective Order, this action shall be deemed to have been finally determined when the Court has entered a final appealable judgment dispositive of all issues then remaining in the action and no timely appeal has been taken by any party to the action. In the event that an appeal is taken, the action shall not be deemed finally determined until the conclusion of all possible appeals.

21. This Protective Order may be signed by counsel in counterparts.

22. The party to whom the designated Confidential Information, ECI, or OUO was produced shall return all original documents so designated to the Producing Party within ten (10) days of the conclusion of this lawsuit, whether it be by settlement, adjudication at trial, or conclusion of all possible appeals. The receiving party is not permitted to retain any copies of the designated Confidential Information, ECI, or OUO and shall destroy all copies made thereof.

23. The parties agree that this Protective Order is retroactive in nature and all documents previously produced by either party in this lawsuit are subject to the provisions contained herein.

_____
JUDGE

N M KING, US M Judge

7/30/12

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

STATE OF _____ )

COUNTY OF _____ )

_____, being duly sworn, deposes and says:

I have been requested by [name of party to the action] through its counsel to inspect certain materials which are designated as Confidential Information, Export Controlled Information, or Official Use Only within the terms of the Agreed Protective Order in the above-entitled action, dated _____, ___, 2012 (the "Protective Order") for the purpose of assisting counsel to prepare for the trial of the case.

I have read the Protective Order, and agree to be bound by its terms.

I am a U.S. Citizen or otherwise able to receive Export Controlled Information or Official Use Only documents in accordance with the U.S. Department of Energy Guidelines thereon and with U.S. Government export control laws and regulations.

In addition to agreeing not to disclose to anyone any such material other than as set forth in the Order, I also agree not to make any copies of any such material except in accordance with the Order. I also agree that any material furnished to me will be used by me only for the purposes of this action and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of Ohio with regard to the enforcement of the undertakings I have made herein.

Dated: _____ _____, 2012

Signed: _____

Name: _____

Subscribed and sworn to me this ____ day of _____, 201__.

_____
Notary Public

DB1/ 69356461.6